IN THE UNITED STATES DISTRICT COURT
THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| DIAMOND RESORTS INTERNATIONAL, INC., a Delaware corporation, DIAMOND RESORTS U.S. COLLECTION DEVELOPMENT, LLC, a Delaware limited liability company, DIAMOND RESORTS CORPORATION, a Delaware corporation, and DIAMOND RESORTS MANAGEMENT, INC., an Arizona corporation, <br><br>     Plaintiffs, <br><br> v. <br><br> JUDSON PHILLIPS, ESQ., an individual, WILLIAM MICHAEL KEEVER, an individual, SEAN AUSTIN, an individual, CASTLE LAW GROUP, P.C., a Tennessee professional corporation, CASTLE MARKETING GROUP, LLC, a Tennessee limited liability company, CASTLE VENTURE GROUP, LLC, a Tennessee limited liability company, KIM GRACE, an individual, DONALD RICHARD FERGUSON, ESQ., an individual, ASHLEY KEEVER, an individual, WORTHINGTON HOLDINGS, LLC, a Tennessee limited liability company, GOD CLOUD, LLC, a Tennessee limited liability company, ADVISANT, INC., a Tennessee corporation, KRYPTOBIT, LLC, a Tennessee limited liability company, INSTANT MERCHANT GROUP, LLC, a Tennessee limited liability company, EXXOGEAR, LLC, a Tennessee, limited liability company and EXXO GEAR GROUP INC., a Tennessee corporation, <br><br>     Defendants, <br><br>     --------------------- <br><br> WILLIAM MICHAEL KEEVER, <br><br>     Cross-Plaintiff/Third-Party Plaintiff, <br><br> v. | Case No. 3:17-cv-01124 <br><br> Judge Aleta A. Trauger <br><br> JURY TRIAL DEMANDED |

| | )|
|---|---|
|CASTLE LAW GROUP, P.C., and JUDSON PHILLIPS,| )|
| | )|
|    Cross-Defendants,| )|
| | )|
|and| )|
| | )|
|BAR PLAN MUTUAL INSURANCE COMPANY,| )|
| | )|
|    Third-Party Defendant.| )|

### MEMORANDUM OF LAW IN SUPPORT OF MOTION OF WILLIAM MICHAEL KEEVER FOR LEAVE TO AMEND ANSWER TO ASSERT CROSSCLAIM AND THIRD PARTY CLAIM

William Michael Keever ("Mr. Keever") respectfully submits this memorandum of law in support of his motion for leave to amend his pleadings to assert certain crossclaims against Defendants Judson Phillips and Castle Law Group, P.C. ("Castle Law Group") and third-party claim against Bar Plan Mutual Insurance Company ("Bar Plan").

This lawsuit centers around the claims of a timeshare company, Diamond Resorts International, Inc., and related entities, ("Diamond") against a law firm, its attorneys and officers, relating to that firm's provision of services to owners of Diamond timeshares and the firm's marketing of those services. Mr. Keever was an officer and employee of that law firm, Castle Law Group. In the background of this lawsuit, Mr. Keever has been fighting for money and property owed to him by Castle Law Group and Mr. Phillips (as well as Defendant Sean Austin) in state court following Castle Law Group's termination of Mr. Keever's employment shortly before this lawsuit was filed. Meanwhile, Mr. Keever also has been pursuing coverage for the claims asserted against him, relating to his work for Castle Law Group, from the insurer for Castle Law Group, Bar Plan.

Mr. Keever has recently become aware of steps taken by Bar Plan to provide coverage for other Defendants and to avoid coverage for Mr. Keever, culminating in Bar Plan's recent confirmation of its denial of a defense and coverage for Mr. Keever. Further, Mr. Phillips has continued in his refusal to cooperate with Mr. Keever's coverage claim, notwithstanding admitting that Mr. Keever was an employee of Castle Law Group. In the proposed amended pleading, Mr. Keever amends his responsive pleading to add cross claims against Mr. Phillips and Castle Law Group for breach of contract, tortious interference with contract, and indemnification relating to Mr. Keever's claim for coverage for the allegations by Diamond against Mr. Keever and for indemnification for any ultimate finding of liability against Mr. Keever. Mr. Keever also asserts a third-party claim against Bar Plan in relation to its failure to extend coverage for the claims against Mr. Keever by Diamond.

Pursuant to Fed. R. Civ. P. 15(a)(2), leave to amend a pleading should be freely given when justice so requires. To determine whether to grant a motion to amend, the court balances six factors: (1) undue delay in filing; (2) lack of notice to the opposing party; (3) bad faith by the moving party; (4) repeated failure to cure deficiencies by previous amendments; (5) undue prejudice to the opposing party; and (6) futility of amendment. The rationale for this liberal policy is to allow disputes to be resolved on the merits and not as a result of technical objections to the pleadings. *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987).

Leave to amend should be granted to Mr. Keever under the six factor test.

First, the motion is timely pursuant to the Case Management Order. Mr. Keever filed his Answer in this case on February 13, 2018. In its Order dated July 3, 2018, this Court extended all deadlines in this case by 180 days, (DE #177), thereby extending the deadline for motions to amend pleadings to January 28, 2019. Further, the deadline for completion of discovery is several months

away, on March 13, 2019.  This motion is filed within the time period allowed for amendments and is not brought concurrent with or following the expiration of the deadlines for discovery or dispositive motions.

Second, Mr. Phillips and Castle Law Group have been well aware of Mr. Keever's assertion of coverage under the Bar Plan insurance policy, his dispute with Bar Plan, and his dispute with Mr. Phillips and Castle Law Group relating to their lack of cooperation with Mr. Keever's coverage claims.

Third, this amendment is being brought in good faith.  A court may deny a motion to amend where there exists bad faith or dilatory motive on the part of the movant.  Mr. Keever timely asserts meritorious claims based on the allegations asserted in this lawsuit.

Fourth, this is the first time that Mr. Keever has sought to amend his pleadings.  Where a proposed amendment is the first and only amendment a party has sought, this factor weighs in favor of granting leave to amend.  *See Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994).

Fifth, the deadline for completion of discovery is several months away, on March 13, 2019.  Further, the trial is not set to begin until January 14, 2020—more than a year away.  Permitting Mr. Keever to amend will not affect the trial schedule.  Further, as a practical matter, the additional parties to this lawsuit will not be impacted, let alone prejudiced, by the proposed amendment, as no claims are asserted against any other current party to this litigation, other than Castle Law Group and Mr. Keever.  As such, the amendment has been asserted on a timely basis, and no party will suffer prejudice from the amendment.  The Sixth Circuit has noted that in determining what constitutes prejudice, the Court considers "whether the assertion of the new claim or defense would:  require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from

bringing a timely action in another jurisdiction." *Id.* The Sixth Circuit has held that the Court must conclude that there is "at least some significant showing of prejudice" to the defendant in order to deny a plaintiff's motion to amend the complaint. *Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir. 1986). Because the deadline for discovery is still several months away and the trial is not scheduled to take place for over a year, the opposing parties will not suffer any prejudice from the proposed amendment.

Sixth, the claims asserted in the amended pleading are meritorious, grounded in established Tennessee precedent, and amendment would not be futile. Mr. Keever was an employee of Castle Law Group and the alleged conduct in this case was within the scope of Mr. Keever's employment for Castle Law Group. Not only is coverage afforded under the Bar Plan insurance policy, but Mr. Phillips and Castle Law Group are required to indemnify Mr. Keever for any ultimate judgment against him for his conduct on behalf of Castle Law Group. The actual causes of action in Diamond's Complaint are premised on the actions of Castle Law in representing its clients. Diamond's allegations supporting every one of its causes of action, including those against Mr. Keever, are premised on Castle Law's representations to clients or potential clients, its actions taken on behalf of those clients, and its advertising to obtain those clients.

For these reasons, Mr. Keever respectfully requests that he be granted leave to amend his pleadings to add the Crossclaim and Third-Party Claim attached to his Motion.

Respectfully submitted,


*/s/ Lauren Z. Curry*
John L. Farringer IV (No. 22783)
Lauren Z. Curry (No. 30123)
SHERRARD ROE VOIGT & HARBISON, PLC
150 Third Avenue South, Suite 1100
Nashville, TN 37201
(615) 742-4200
*jfarringer@srvhlaw.com*
*lcurry@srvhlaw.com*

*Attorneys for Defendants William Michael Keever, Ashley Keever, Castle Venture Group, LLC, Worthington Holdings, LLC, God Cloud, LLC, Advisant, Inc., Kryptobit, LLC, Instant Merchant Group, LLC, Exxogear, LLC, and Exxo Gear Group Inc.*

# CERTIFICATE OF SERVICE

Service of the foregoing was accomplished through the Court's Electronic Filing System this 26th day of September, 2018, upon the following:

R. Eddie Wayland
R. Douglas Hanson, II
Laura M. Mallory
King & Ballow
315 Union Street, Suite 1100
Nashville, Tennessee 37201
rew@kingballow.com
dhanson@kingballow.com
lmallory@kingballow.com
*Attorneys for Plaintiffs*

Michael H. Johnson
Nathaniel K. Cherry
Howard, Tate, Sowell, Wilson,
Leathers & Johnson, PLLC
201 Fourth Avenue North
Suite 1900
Nashville, Tennessee 37219
donnahs@howardtatelaw.com
ncherry@howardtatelaw.com
*Attorneys for Defendant Judson Phillips*

Alfred J. Bennington, Jr.
Glennys Ortega Rubin
Shutts & Bowen LLP
300 South Orange Avenue, Suite 1000
Orlando, Florida 32801
bbennington@shutts.com
grubin@shutts.com
*Attorneys for Plaintiffs*

Gregory H. Oakley
Oakley Law, PLLC
2323 21st Ave S.
Suite 502
Nashville TN 37212
goakley@oakley-law.com
*Attorneys for Defendant Sean Austin*

Mark T. Freeman
Freeman & Fuson
2126 21st Avenue South
Nashville, Tennessee 37212
freemanlaw@comcast.net
*Attorneys for Defendant Kim Grace*

Service of the foregoing was accomplished through U.S. Mail, first-class postage prepaid, on this 26th day of September, 2018, upon the following:

Castle Marketing Group, LLC
2 International Plaza, Suite 900
Nashville, Tennessee 37217

*/s/ Lauren Z. Curry*